## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | |
|---|---|
| Sterling L. Singleton, #339777,  )<br>                                                      )<br>                        Plaintiff,     )<br>                                                      )<br>v.                                                  )<br>                                                      )<br>Patricia Brown, Lieutenant,         )<br>                                                      )<br>                        Defendant.  )<br>_____)  | Civil Action No.: 9:15-cv-02723-JMC<br><br>**ORDER AND OPINION** |

Plaintiff Sterling L. Singleton ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this instant action ("Complaint") pursuant to 42 U.S.C. § 1983 alleging that Defendant Patricia Brown ("Defendant") violated Plaintiff's constitutional rights through the use of excessive force. (ECF No. 1 at 6.) Defendant filed an Answer (ECF No. 22) and a Motion for Summary Judgment (ECF No. 66).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, the matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial handling. On September 14, 2016, the Magistrate Judge issued a Report and Recommendation ("Report," ECF No. 102) recommending the court grant Defendant's Motion for Summary Judgment (ECF No. 66), and dismiss the Complaint (ECF No. 1). This review considers Plaintiff's Objections to the Report and Recommendation ("Objections") filed December 1, 2016. (ECF No. 110.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 102), **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 66), and **DISMISSES** this case.

### I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This court concludes, upon its own careful review of the record, that the Magistrate

Judge's factual synopsis is accurate and incorporates it by reference. This court will thus focus on the facts pertinent to the analysis of Plaintiff's Objections.

Plaintiff is presently incarcerated at the Lieber Correctional Institution ("Lieber") of the South Carolina Department of Corrections ("SCDC"). Plaintiff alleges that on July 29, 2013, after returning to his Special Management Unit ("S.M.U.") cell from a meeting with a prison counselor, his escort officer allowed him to keep on a jumpsuit he was wearing at the time. (ECF No. 1 at 3.)[1] Plaintiff alleges that, shortly after, Defendant approached his cell and asked why he had a jumpsuit, then sprayed him with chemical munitions "without warning." (*Id*. at 3-4.) Plaintiff alleges that Defendant left him for a brief time, before returning, spraying him again, and having a Force Cell Movement Team ("F.C.M.T.") remove the jumpsuit from him. (*Id*. at 4.) Plaintiff then asserts that Defendant returned again with an F.C.M.T., "dragged [him] out of the cell naked," and strapped him into a restraint chair. (*Id*.) Plaintiff alleges he was in the restraint chair for over six hours. (*Id*. at 5.) The Magistrate Judge categorized and addressed Plaitniff's complaints as follows: the use of excessive force in removing him from his cell and spraying him with chemical munitions, placing him in a restraint chair, and failing to decontaminate him after the use of chemical munitions. Plaintiff seeks compensatory and punitive damages totaling $650,000.00.

Plaintiff filed the instant action on July 9, 2015, alleging Eighth Amendment constitutional violations because of Defendant's use of excessive force. (ECF No. 1 at 6.) Defendant, after filing an Answer (ECF No. 22) on October 19, 2015, filed a Motion for Summary Judgment on April 26, 2016 (ECF No. 66). After multiple time extensions, Plaintiff

---

[1] Plaintiff was currently under Crisis Intervention ("C.I.") (ECF No. 1 at 3), and under such conditions, prison procedures do not allow inmates to have jumpsuits in their cells.

2

filed his Response in Opposition to Defendant's Motion for Summary Judgment on July 5, 2016. (ECF No. 91.)

On September 14, 2016, the Magistrate Judge issued a Report, recommending the court grant Defendant's Motion for Summary Judgment, and dismiss Plaintiff's Complaint. (ECF No. 102 at 46.) In response to the Magistrate Judge's Report, Plaintiff filed his Objections on December 1, 2016.[2] (ECF No. 110.) Defendant filed a response on December 15, 2016. (ECF No. 111.) Plaintiff filed an Affidavit of Facts Giving Judicial Notice, Filing Objections to Defendant's Response to Plaintiff's Objections to the Report & Recommendation on December 27, 2016. (ECF No. 113.)

## II.    LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge's Report is only a recommendation to this court, and has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Id*. The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

---

[2] The court notes that Plaintiff's Objections were not stamped by Lieber's mailroom until November 28, 2016. A *pro se* prisoner's pleading is deemed "filed" at the moment of delivery to prison authorities for forwarding to the district court. *See* Houston v. Lack, 487 U.S. 266, 271 (1988). Plaintiff's Objections were due on November 27, 2016. (ECF No. 108.) Plaintiff argues that he delivered his Objections to the mailroom on Friday, November 25, 2016, and they simply were not stamped until the following Monday. (ECF No. 113 at 2.) Nonetheless, because November 27, 2016 fell on a Sunday, Plaintiff did not have to file the objections until Monday, November 28, 2016. *See* Fed. R. Civ. P. 6(a)(C). Thus, Plaintiff's Objections were timely filed.

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

Summary judgment is appropriate when the materials in the record show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue has been raised, the court must weigh all evidence and draw all justifiable inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Additionally, *pro se* filed documents should be "liberally construed," held to a less stringent legal standard than those complaints or proceedings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even liberally construed, objections to a Report must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b)(2).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue.  *See id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion.  *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.

### III.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) this violation "was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  In his Objections, Plaintiff asserts the Magistrate Judge was prejudiced against him (ECF No. 110 at 1), and that Defendant's actions were retaliatory measures over Plaintiff having a jumpsuit.  (*Id.* at 4-7, 9-12).  If Plaintiff's constitutional rights were violated through retaliation by Defendant, then Plaintiff would be allowed to seek relief under § 1983, thus giving the court original jurisdiction under § 1331.

Plaintiff asserts that because of his past "negative history," the Magistrate Judge was prejudiced against him, and had already deemed Plaintiff guilty.  (ECF No. 110 at 1.)  For Plaintiff to overcome Defendant's Motion and the Magistrate Judge's Report, Plaintiff cannot

solely rely on mere allegations or accusations.  The court finds no evidence of prejudice by the Magistrate Judge as the Magistrate Judge's Report is based on written affidavits, incident reports, and video evidence.  (*See*  ECF No. 102 at 4-12.)

The crux of Plaintiff's Objections are the previously unstated accusations that Defendant, and other prison officials, used chemical munitions, removed him from his cell, and placed him in a restraint chair in retaliation for not disclosing how he obtained the jumpsuit.  (ECF No. 110 at 4-7, 9-12.)    However, the Report correctly points out that video evidence shows Plaintiff disobeying direct orders multiple times by refusing to "come to the door to be cuffed" (*Id*. at 27-28, 35.)    The Fourth Circuit Court of Appeals has mandated that claims of retaliation should be regarded with skepticism, asserting that "*in forma pauperis* plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal to survive § 1915(d)." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).   To state a claim of retaliation under § 1983, a plaintiff must "allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right."  *Martin v. Blinkley*, No. 4:13-cv-1568-DCN, 2013 WL 5316345, at *4 (D.S.C. Sept. 20, 2013) (quoting *Adams*, 40 F.3d at 75).

Here, though Plaintiff asserts "clothing is a basic human right," (ECF No. 110 at 6), Plaintiff did not have a constitutional right to the jumpsuit.  The court also finds that Defendant's actions did not violate Plaintiff's constitutional rights.  An inmate's repeated refusal to comply with an officer's orders gives rise to the need for the use of some force.  *See Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996).  An officer's use of chemical munitions on an inmate to prevent disorder generally does not infringe the Eighth Amendment's prohibition against cruel and unusual punishment so long as the quantity of chemical munitions is

commensurate with the gravity of the occasion. *Bailey v. Turner*, 736 F.2d 963, 968-69 (4th Cir. 1984). Additionally, though Plaintiff asserts he was effectively "torture[d]" (ECF No. 110 at 4), as the Report notes, Plaintiff has "failed to show that he suffered any significant injury" either from the chemical munitions or the restraint chair. (ECF No. 102 at 33, 36.)

Finally, Plaintiff claims that the Report cannot view the affidavits of Inmates Briggs & Bacchus to be in conflict with video testimony, while simultaneously allowing the affidavits to support Defendant's account of the time period prior to video evidence. (ECF No. 110 at 9.) The court is not persuaded by this argument.

Thus, the court concludes that Plaintiff has failed to state a claim of retaliation under § 1983. Plaintiff also has not shown a constitutional violation in respect to his treatment by Defendant. Plaintiff has failed to show a genuine issue of material fact to withstand summary judgment on his claim of excessive force.

## IV.     CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 102), **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 66), and **DISMISSES** this action (ECF No. 1).

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*
United States District Judge

March 10, 2017
Columbia, South Carolina